WATSON MACMASTER AND GEORGE W. HERRIOTT, EXECUTORS, ESTATE OF DANIEL MACMASTER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26812.   Promulgated February 13, 1930.

*George W. Herriott, Esq.*, for the petitioners.
*Bruce A. Low, Esq.*, and *Leslie Rushbrook, Esq.*, for the respondent.

## OPINION.

ARUNDELL: In view of the facts that have been stipulated, we have only to determine whether the respondent erred in his method of computing the taxable gain realized under the contract of sale of November 21, 1922. The respondent made his computation on the theory that it was an installment sale. Petitioners claim that this was error because the contract had no readily realizable market value, and that therefore all payments under it should be applied to reduce the basis until that was eliminated and then the balance would be profit.

Petitioner's evidence consisted of the testimony of three witnesses. One of them, a brother of the decedent and one of the executors, was familiar with the details of the sale, but no attempt was made to qualify him to express an opinion as to the value of the contract. His testimony dealt principally with the difficulty that was experienced in collecting from the purchaser. He knew the members of the Cunningham Co., but apparently had little or no knowledge as to its solvency or ability to pay. The other two witnesses were officers and members of the loan committees of banks doing business in the community in which decedent's coal land was located. They gave it as their opinion that the contract had no readily realizable market value. Their testimony was based on the loan procedure of their banks, which, in substance, was that loans would be made only on improved real estate up to 50 per cent of the value fixed by the appraisal committee of the bank.

The question here is that of the value of the contract giving the right to remove coal, and not the value of the land to which the contract related. Whether a bank would or would not loan money on a certain piece of land might have some bearing on the value of the land, but in our opinion such evidence is of little weight in determining the value of a contract of the kind here involved. It is not shown that the witnesses or the banks with which they were con-

nected ever dealt in contracts of this sort or had any occasion to pass upon their value. Nor were the witnesses familiar with the personal responsibility of the purchaser or the security behind the contract. Under the circumstances, we regard their testimony as advisory only and not binding. *The Conqueror*, 166 U. S. 131; *United States* v. *Beatty*, 198 Fed. 284, 292. In our opinion, for reasons above given, the evidence is inadequate to overcome the presumption of correctness of respondent's determination.

In his brief counsel for petitioners states that, in view of that part of the stipulation setting forth the total profit realized as $44,933 instead of $82,314.29 as determined by the respondent, the deficiency for 1923 will be reduced to an amount which he is willing to concede. We are not inclined to accept this concession, because a recomputation may or may not accord with counsel's present view of it. Accordingly, the deficiencies for both years should be recomputed.

*Decision will be entered under Rule 50.*